Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
SHAWNA NICOLE KELLER

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| SHAWNA NICOLE KELLER, <br><br> Plaintiff, <br><br> v. <br><br> CREDITOR IUSTUS ET REMEDIUM, LLP, D/B/A CIR LAW OFFICES, LLP, a California limited liability partnership; TARA MARIE MUREN, individually and in her official capacity, <br><br> Defendants. | Case No. CV11-04237 HRL <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> 15 United States Code § 1692 *et seq.* <br> California Civil Code § 1788 *et seq.* |

Plaintiff, SHAWNA NICOLE KELLER, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

### I. INTRODUCTION

1. This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. According to 15 U.S.C. § 1692:

  a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

  b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

  c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

  d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

  e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

## II. JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and

---

[1] Cal. Civil Code § 1788.1(a)(1).

supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## III. VENUE

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

7. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V. PARTIES

8. Plaintiff, SHAWNA NICOLE KELLER (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9. Defendant, CREDITOR IUSTUS ET REMEDIUM, LLP, D/B/A CIR LAW OFFICES, LLP (hereinafter "CIR") is a California limited partnership engaged in the business of collecting debts in this state with its principal place of business located at: 8665 Gibbs Drive, Suite 150, San Diego, California 92123. CIR may be served as follows: Creditor Iustus et Remedium, LLP, c/o Christopher Beyer, Managing Partner, 8665 Gibbs Drive, Suite 150, San Diego, California 92123. The

principal business of CIR is the collection of debts using the mails and telephone and CIR regularly attempts to collect debts alleged to be due another. CIR is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

10. Defendant, TARA MARIE MUREN (hereinafter "MUREN"), is a natural person and licensed attorney in the state of California and is or was an employee and/or agent of CIR at all relevant times. MUREN may be served at her current business address at: Tara Marie Muren, Creditor Iustus et Remedium, LLP, 8665 Gibbs Drive, Suite 150, San Diego, California 92123. MUREN is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

11. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

12. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account to an unknown original creditor (hereinafter "the alleged debt"). Plaintiff specifically denies that any debt actually exists or is owed. The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

13. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was sold, assigned or otherwise transferred to Equable Ascent Financial, LLC.

14. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

15. On or about January 13, 2011, Defendants filed a lawsuit against Plaintiff in the Superior Court of California, Santa Clara County captioned *Equable Ascent Financial, LLC v. Shawna N. Keller*, Case No. 1-11-CV-191940 (hereinafter the "*Equable v. Keller* complaint"), which sought to collect $4,658.73 in damages, plus interest and attorney's fees according to proof.

16. A true and accurate copy of the *Equable v. Keller* complaint is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

17. The *Equable v. Keller* complaint (Exhibit "1") falsely states that Plaintiff became indebted directly to Equable Ascent Financial, LLC.

18. The *Equable v. Keller* complaint (Exhibit "1") falsely states that: "Plaintiff (name): EQUABLE ASCENT FINANCIAL, LLC alleges that defendant (name): SHAWNA N KELLER became indebted to plaintiff within the last four years on an open book account for money due."

19. At no time has Plaintiff had an open book account with Equable Ascent Financial, LLC, nor has Plaintiff ever opened any account with Equable Ascent Financial, LLC.

20. The *Equable v. Keller* complaint (Exhibit "1") falsely states that "Plaintiff (name): EQUABLE ASCENT FINANCIAL, LLC alleges that defendant (name): SHAWNA N KELLER became indebted to plaintiff within the last four years for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff the sum of $4,658.73."

21. At no time did Equable Ascent Financial, LLC, sell or deliver goods, wares or merchandise to Plaintiff for which Plaintiff agreed to pay Equable Ascent Financial, LLC.

22. At no time did Plaintiff become directly indebted to Equable Ascent Financial, LLC, as alleged in the *Equable v. Keller* complaint (Exhibit "1").

23. Plaintiff is informed and believes, and thereon alleges, that the *Equable v. Keller* complaint (Exhibit "1") misrepresented the character, amount and legal status of the alleged debt.

24. Plaintiff is informed and believes, and thereon alleges, that the *Equable v. Keller* complaint (Exhibit "1") misrepresented the compensation which may be lawfully received by Defendants for the collection of the alleged debt.

25. The *Equable v. Keller* complaint (Exhibit "1") bears the signature of Defendant, MUREN.

26. The *Equable v. Keller* complaint (Exhibit "1") represented or implied that Plaintiff's account had been reviewed by Defendant, MUREN.

27. Plaintiff is informed and believes, and thereon alleges, that MUREN did not conduct a professional review of Plaintiff's account before drafting and filing the *Equable v. Keller* complaint (Exhibit "1") and sending it to the Plaintiff. *See Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

28. Plaintiff is informed and believes, and thereon alleges, that the *Equable v. Keller* complaint (Exhibit "1") misrepresented the role and involvement of legal counsel.

29. Plaintiff is informed and believes, and thereon alleges, that the *Equable v. Keller* complaint (Exhibit "1") misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

30. By drafting and filing the *Equable v. Keller* complaint (Exhibit "1"), Defendants attempted to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken.

31. After being served with the *Equable v. Keller* complaint (Exhibit "1"), Plaintiff

retained legal counsel to defend her, thereby incurring actual damages in the form of attorney's fees and costs. See, *Venes v. Professional Service Bureau, Inc.*, 353 N.W.2d 671, 675 (Minn. Ct. App. 1984).

32. After being unable to produce the *prima facie* evidence necessary to prove Equable Ascent Financial, LLC's, case against Plaintiff, Defendants dismissed the *Equable v. Keller* complaint against Plaintiff on July 25, 2011.

33. As a result of Defendant's abusive debt collection practices, Plaintiff has incurred actual damages in an amount to be determined at trial.

34. Plaintiff is informed and believes, and thereon alleges, that Defendants have filed and served standard form complaints in the form of Exhibit "1" on more than 40 persons in California in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

36. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

37. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

38. Defendant, CIR, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

39. Defendant, MUREN, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

40. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

41. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

    a. Defendants made and used false, deceptive and misleading representations in an attempt to collect the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    b. Defendants misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

    c. Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(B);

    d. Defendants falsely represented or implied that attorney MUREN had professionally reviewed Plaintiff's account when MUREN had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

    e. Defendants falsely represented the role and involvement of legal counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

    f. Defendants misrepresented the true source or nature of the communication, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10);

    g. Defendants attempted to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10); and

    h. Defendants attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law, in violation of 15 U.S.C. § 1692f(1).

42. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

43. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

44. Plaintiff brings the second claim for relief against Defendant, CIR, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

45. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

46. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

47. Defendant, CIR, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

48. The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

49. Defendant, CIR, has violated the RFDCPA. The violations include, but are not limited to, the following:

    a. CIR made and used false, deceptive and misleading representations in an attempt to collect the alleged debt, in violation of Cal. Civil Code § 1788.17;[2]

    b. CIR misrepresented the character, amount or legal status of the alleged debt, in violation of Cal. Civil Code § 1788.17;[3]

---

[2] 15 U.S.C. §§ 1692e and 1692e(10).
[3] 15 U.S.C. § 1692e(2)(A).

  c. CIR misrepresented the compensation which may be lawfully received by Defendants for the collection of the alleged debt, in violation of Cal. Civil Code §§ 1788.13(e), 1788.14(b) and 1788.17;[4]

  d. CIR falsely represented or implied that attorney MUREN had professionally reviewed Plaintiff's account when MUREN had not done so, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[5]

  e. CIR falsely represented the role and involvement of legal counsel, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[6]

  f. CIR misrepresented the true source or nature of the communication, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[7] and

  g. CIR attempted to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of Cal. Civil Code §§ 1788.13(e) and 1788.17;[8] and

  h. CIR attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law, in violation of Cal. Civil Code §§ 1788.13(e), 1788.14(b) and 1788.17.[9]

50. Defendant, CIR's, acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

51. As a result of CIR's violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

52. As a result of CIR's willful and knowing violations of the RFDCPA, Plaintiff is

---

[4] 15 U.S.C. § 1692e(2)(B).
[5] 15 U.S.C. §§ 1692e(3) and 1692e(10).
[6] 15 U.S.C. §§ 1692e(3) and 1692e(10).
[7] 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).
[8] 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).
[9] 15 U.S.C. § 1692f(1).

entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

53. As a result of CIR's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000 pursuant to Cal. Civil Code § 1788.17.[10]

54. As a result of CIR's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[11]

55. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(3), 1692e(5), 1692e(10) and 1692f(1);

c) Declare that Defendant, CIR, violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(e), 1788.13(i), 1788.14(b), 1788.16 and 1788.17;

d) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code §§ 1788.17 and 1788.30(a);

e) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

---

[10] 15 U.S.C.§ 1692k(a)(2)(A).
[11] 15 U.S.C.§ 1692k(a)(3).

- 11 -
COMPLAINT

g) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17;[12]

h) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[13] and 1788.30(c); and

i) Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
SHAWNA NICOLE KELLER

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SHAWNA NICOLE KELLER, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

---

[12] 15 U.S.C. § 1692k(a)(2)(A).
[13] 15 U.S.C. § 1692k(a)(3).

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>CIR LAW OFFICES, LLP<br>MANDIE BULLOCK, Esq.  Bar#: 259437<br>TARA MUREN, Esq.  Bar#: 260154<br>8665 GIBBS DR STE 150, SAN DIEGO CA 92123  File No.: 354958-2<br>TELEPHONE NO. (800)-496-8909  FAX NO. *(Optional).* (858)-496-5977<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* EQUABLE ASCENT FINANCIAL, LLC | PLD-C-001<br>FILED Santa Clara County<br>01/18/11  2:04pm<br>David H. Yamasaki<br>Chief Executive Officer<br>By: mrosales DTSCIV010097<br>R#201100005361<br>CK  $225.00<br>TL  $225.00<br>Case: 1-11-CV-191940 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 NO. FIRST ST.
MAILING ADDRESS: 191 NO. FIRST ST.
CITY AND ZIP CODE: SAN JOSE CA 95113
BRANCH NAME: SANTA CLARA JUDICIAL DISTRICT

PLAINTIFF: EQUABLE ASCENT FINANCIAL, LLC

DEFENDANT: SHAWNA N KELLER

[X] DOES 1 TO 10

**CONTRACT**
[X] COMPLAINT  [ ] AMENDED COMPLAINT *(Number):*
[ ] CROSS-COMPLAINT  [ ] AMENDED CROSS-COMPLAINT *(Number):*

Jurisdiction *(check all that apply):*
[X] ACTION IS A LIMITED CIVIL CASE
  Amount demanded  [X] does not exceed $10,000
  [ ] exceeds $10,000 but does not exceed $25,000
[ ] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
  [ ] from limited to unlimited
  [ ] from unlimited to limited

CASE NUMBER: 111CV191940

**EXHIBIT 1**

1. Plaintiff* *(name or names):*
   EQUABLE ASCENT FINANCIAL, LLC
   alleges causes of action against defendant* *(name or names):*
   SHAWNA N KELLER
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. a. Each plaintiff named above is a competent adult
   [X] except plaintiff *(name):* EQUABLE ASCENT FINANCIAL, LLC
     (1) [X] limited liability company
     (2) [ ] an unincorporated entity *(describe):*
     (3) [ ] other *(specify):*

   b. [ ] Plaintiff *(name):*
     a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*
     b. [ ] has complied with all licensing requirements as a licensed *(specify):*
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant named above is a natural person
     [ ] except defendant *(name):*  [ ] except defendant *(name):*
       (1) [ ] a business organization, form unknown  (1) [ ] a business organization, form unknown
       (2) [ ] a corporation  (2) [ ] a corporation
       (3) [ ] an unincorporated entity *(describe):*  (3) [ ] an unincorporated entity *(describe):*
       (4) [ ] a public entity *(describe):*  (4) [ ] a public entity *(describe):*
       (5) [ ] other *(specify):*  (5) [ ] other *(specify):*

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.  Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]  **COMPLAINT—Contract**  Code of Civil Procedure, § 425.12
American LegalNet, Inc
www.FormsWorkflow.com

PLD-C-001

| SHORT TITLE: EQUABLE ASCENT FINANCIAL, LLC   v. SHAWNA N KELLER | CASE NUMBER: |
|---|---|

4. *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) [X] Doe defendants *(specify Doe numbers):* 1 TO 10 _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
      (2) [X] Doe defendants *(specify Doe numbers):* 1 TO 10 _____ are persons whose capacities are unknown to plaintiff.
   c. [ ] Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. [ ] Plaintiff is required to comply with a claims statute, **and**
   a. [ ] has complied with applicable claims statutes, *or*
   b. [ ] is excused from complying because *(specify):*

6. [ ] This action is subject to   [ ] Civil Code section 1812.10   [ ] Civil Code section 2984.4.

7. This court is the proper court because
   a. [ ] a defendant entered into the contract here.
   b. [ ] a defendant lived here when the contract was entered into.
   c. [X] a defendant lives here now.
   d. [ ] the contract was to be performed here.
   e. [ ] a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. [ ] real property that is the subject of this action is located here.
   g. [ ] other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

   [X] Common Counts
   [ ] Other *(specify):*

9. [ ] Other allegations:

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. [X] damages of: $ 4,658.73
    b. [X] interest on the damages
       (1) [X] according to proof
       (2) [ ] at the rate of *(specify):* _____ percent per year from *(date):*
    c. [X] attorney's fees
       (1) [ ] of: $
       (2) [x] according to proof.
    d. [X] other *(specify):*
       For such other and further relief as the court may deem proper.

11. [ ] The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: 12/31/2010

CIR LAW OFFICES, LLP                              ▶   *Jara Musen*
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001(1)

| SHORT TITLE: EQUABLE ASCENT FINANCIAL, LLC v. SHAWNA N KELLER | CASE NUMBER: |
|---|---|

1ST **CAUSE OF ACTION—Breach of Contract**
(number)
ATTACHMENT TO  [X] Complaint  [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name):* EQUABLE ASCENT FINANCIAL, LLC

alleges that on or about *(date):*

a [ ] oral  [ ] other

agreement was made between *(name parties to agreement):*
Plaintiff's Predecessor on an account not owned by Plaintiff. Plaintiff's predecessor can be referred to as Plaintiff.

[ ] A copy of the agreement is attached as Exhibit A, or
[·] The essential terms of the agreement  [ ] are stated in Attachment BC-1  [X] are as follows *(specify):*

Defendant(s) are indebted to Plaintiff for credit card charges through purchases/cash advances/ and/or monies loaned and received and furnished to the Defendant(s). Defendant(s) agreed to pay these monies to Plaintiff as provided for in the agreement between the parties. The terms and conditions under which Defendant(s) agreed to repay the Plaintiff for these monies are set forth in a written credit card and/or loan agreement between the parties. Defendant(s) indicated his/her/their/its consent to these terms either by an authorizing signature on the agreement or by Defendant(s) use of the credit instrument and monies provided by the Plaintiff.

BC-2. On or about *(dates):* 09/25/09
defendant breached the agreement by  [ ] the acts specified in Attachment BC-2  [X] the following acts *(specify):*

Defendant(s) failed to make payment on the account as agreed. Despite Plaintiff's demand Defendant(s) have not repaid Plaintiff for the charges made and/or monies loaned. Plaintiff has made a demand for payment of monies owed but Defendant(s) has refused to pay Plaintiff. Defendant(s) are, therefore, in default under the terms of the party's agreement. In the event of a default the agreement entitles Plaintiff to the unpaid balance and attorney's fees and costs. Plaintiff may also be entitled to attorney's fees by contract or pursuant to statutory authorities.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[ ] as stated in Attachment BC-4  [X] as follows *(specify):*
See complaint prayer above.

BC-5. [X] Plaintiff is entitled to attorney fees by an agreement or a statute
[ ] of $
[X] according to proof.

BC-6. [ ] Other:

Page 3

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

CAUSE OF ACTION—Breach of Contract

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

PLD-C-001(2)

| SHORT TITLE: EQUABLE ASCENT FINANCIAL, LLC v. SHAWNA N KELLER | CASE NUMBER: |
|---|---|

2ND _(number)_ **CAUSE OF ACTION—Common Counts**

ATTACHMENT TO [X] Complaint [ ] Cross - Complaint

_(Use a separate cause of action form for each cause of action.)_

CC-1. Plaintiff _(name):_ EQUABLE ASCENT FINANCIAL, LLC

    alleges that defendant _(name):_ SHAWNA N KELLER

    became indebted to    [X] plaintiff    [ ] other _(name):_

a. [X] within the last four years
    (1) [X] on an open book account for money due.
    (2) [ ] because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff.

b. [X] within the last [ ] two years [X] four years
    (1) [ ] for money had and received by defendant for the use and benefit of plaintiff.
    (2) [ ] for work, labor, services and materials rendered at the special instance and request of defendant and for which defendant promised to pay plaintiff
        [ ] the sum of $
        [ ] the reasonable value.
    (3) [X] for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff
        [X] the sum of $ 4,658.73
        [ ] the reasonable value.
    (4) [ ] for money lent by plaintiff to defendant at defendant's request.
    (5) [ ] for money paid, laid out, and expended to or for defendant at defendant's special instance and request.
    (6) [ ] other _(specify):_
        for credit card purchases and/or cash advances on the credit account issued by Plaintiff for which Defendant was billed monthly and failed to dispute as required under the Federal Fair Billing Act applicable to such account (IS USC Section et Seq.)

CC-2. $ 4,658.73 , which is the reasonable value, is due and unpaid despite plaintiff's demand, plus prejudgment interest [X] according to proof [ ] at the rate of _____ percent per year from _(date):_

CC-3. [X] Plaintiff is entitled to attorney fees by an agreement or a statute
    [ ] of $
    [X] according to proof.

CC-4. [ ] Other:

Page 4

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev January 1, 2007]

**CAUSE OF ACTION—Common Counts**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com