

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SHAWNA NICOLE KELLER,

Plaintiff (s),

v.

CREDITOR IUSTUS ET
REMEDIUM,LLP,ET.AL,
Defendant(s).

No. **C 11-04237 HRL**

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Howard R. Lloyd. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California," additional copies of which can be downloaded from the following Internet site: http://www.cand.uscourts.gov.

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 8/26/2011 | Complaint filed | |
| 10/18/2011 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |

| 11/1/2011 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a)(1) Civil L.R. 16-9 |
| 11/8/2011 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom 2, 5th Floor SJ at 1:30 PM | Civil L.R. 16-10 |

*If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
MAGISTRATE JUDGE HOWARD R. LLOYD

## STANDING ORDER RE: INITIAL CASE MANAGEMENT

1.  In cases that are randomly assigned to Judge Lloyd for all purposes, the parties are requested to file their written consent to the assignment of a U.S. Magistrate Judge for all purposes, or their written declination of consent, as soon as possible.

2.  The civil motion calendar is heard on Tuesdays at 10:00 a.m. The criminal motion calendar is heard on Thursdays at 9:30 a.m. Motions may be noticed for hearing pursuant to Civil L.R. 7. Counsel need not reserve a hearing date in advance for civil motions, although noticed dates may be reset as the Court's calendar requires. HOWEVER, do not notice a motion over a civil discovery dispute. Instead, follow this court's "Standing Order re: Civil Discovery Disputes."

3.  Parties with questions regarding scheduling (excluding settlement conferences) should contact Judge Lloyd's Administrative Law Clerk at (408) 535-5411.

4.  A Case Management Conference will be held on the date and time specified in the Order Setting Initial Case Management Conference in Courtroom 2, United States Courthouse, 280 South First Street, San Jose, California. This conference may be continued only by Court Order pursuant to Civil L.R. 16-2(e). Parties may not stipulate to continue a Case Management Conference without Court approval.

5.  Pursuant to Civil L.R. 16-9, no later than seven (7) days before the Case Management Conference, the parties shall file a Joint Case Management Statement. For the required format and contents of this filing, follow the "Standing Order for All Judges of the Northern District of California: Contents of Joint Case Management Statement." If preparation of a joint statement would cause undue hardship, the parties may serve and file separate statements, which shall include a description of the undue hardship.

6.  Plaintiff or removing Defendant shall serve a copy of this Standing Order on all parties to this action and on all parties subsequently joined, in accordance with Fed.R.Civ.P 4 and 5. Following service, Plaintiff shall file a certificate of service, in accordance with Civil L.R. 5-6.

IT IS SO ORDERED.

Dated:      August 22, 2002
            Amended February 26, 2007
            Amended June 3, 2011

                              HOWARD R. LLOYD
                              United States Magistrate Judge

NORTHERN DISTRICT OF CALIFORNIA
MAGISTRATE JUDGE HOWARD R. LLOYD

## STANDING ORDER RE: CIVIL DISCOVERY DISPUTES

1. Effect of Delay on Discovery Disputes.

The parties and counsel are cautioned not to allow discovery disagreements to drag on unresolved until some important looming deadline forces them into action. Because of the press of its other business, the court may not be able to give the dispute its attention with the same celerity that some or all of the parties think is necessary.

2. Resolving Discovery Disputes

In order for this court to efficiently and flexibly respond to discovery disputes, and accounting both for (1) parties' and counsels' obligation to diligently strive to resolve such disputes without court involvement and (2) the limitations on available judicial resources: effective immediately this court adopts a new procedure for resolving discovery disputes.

A. Absent leave of court, formal noticed discovery motions may no longer be filed and, if filed contrary to this order, will not be heard.

B. Instead, parties (and non-parties involved in a discovery dispute) will first use the customary convenient means of communication - telephone, e-mail, correspondence, person to person talks between members of opposing litigation teams - to try to reach agreement.

C. If that fails to lead to complete agreement, then LEAD COUNSEL (and any unrepresented person), accompanied by anyone else whose presence is needed to fully explore resolution, shall meet IN PERSON for as long as and as often as is needed to reach full agreement.

i. Unjustified delay in arranging the meeting, especially where the dispute is time sensitive, or refusal to attend or to participate meaningfully will be grounds for sanctions and/or for entry of an order in favor of the other side. Except in extreme circumstances, excuses such as press of business, inconvenience, or cost will not suffice.

ii. Hopefully, the parties can agree on a site for the in-person meeting of lead counsel. The most sensible way would probably be for the party advancing the dispute to pick the place for the first meeting, the other party pick the site for the second, and alternating thereafter. If the parties cannot agree, then the court requires lead counsel meet at a location approximately half way between their offices.

D. If the meeting(s) between lead counsel do not resolve the dispute, then within 5 business days after conclusion of the session(s) (or, 5 days after reaching impasse as to a particular issue) the parties shall file on pleading paper a "Discovery Dispute Joint Report #___" ("Joint Report"). In no event may a Joint Report be filed later than 7 days after the discovery cut-off date(s), as prescribed in Civil L.R. 37-3. As usual, a chambers copy should also be submitted.

The Joint Report's cover page will contain: the case caption; a one sentence identification of the issue it covers; the date, place, and length of time of the joint meeting; the close of discovery and any other date that is relevant; and the attestations of lead counsel that they complied with this Standing Order.

ii. To avoid needless complexity and unwieldiness, the Joint Report should deal with only one issue (or, at most, a few inextricably related issues).

iii. The Joint Report, including the cover page, shall not exceed 11 pages. It should describe the dispute and the facts essential to understanding it. Then, in a format that allows ready comparison, it should give each party's position (with brief citation to important authority), and - finally - each party's final and "most reasonable" proposal for how the court should decide.

iv. The only exhibit permitted to the Joint Report is an exact copy of the discovery request(s) in issue and the response(s) (if any) to it (i.e.: requests for documents, interrogatories, privilege log, non-party subpoena, etc.) If it consists of more than just a few pages, the exhibit shall be indexed.

v. A single lead-counsel-in-person session may produce more than one Joint Report, but the court would look with disfavor on any attempt to use multiple Joint Reports to skirt the page limitation.

vi. Unjustified delay or refusal to participate meaningfully in the preparation of the Joint Report is grounds for imposition of sanctions or entry of an order sought by the other side.

E. Upon receipt of the Joint Report, the court will decide what further proceedings, if any, are appropriate. If the issue is clearly presented and ripe for decision, it may simply issue a ruling. Alternatively, other options include: scheduling a telephone conference, calling for further briefing, or, rarely, holding a hearing.

F. Any party seeking an award of attorney fees or other expenses in connection with a discovery dispute shall file a noticed motion pursuant to the Northern District Local Rules. It would ordinarily be presumptuous to file such a motion before the court has ruled on the dispute.

G. When the parties have become, or expect to become, engaged in a succession of discovery disputes or otherwise require the ongoing assistance of a neutral decision maker, the court recommends they consider appointment of a Special Master.

IT IS SO ORDERED.

Dated: June 3, 2011

HOWARD R. LLOYD
United States Magistrate Judge

**STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA**

**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.      Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.      Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.      Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.      Motions: All prior and pending motions, their current status, and any anticipated motions.

5.      Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.      Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.      Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.      Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.      Class Actions: If a class action, a proposal for how and when the class will be certified.

10.     Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.     Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.   <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.   <u>Consent to Magistrate Judge For All Purposes</u>: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.   <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.   <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.   <u>Expedited Schedule</u>: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.   <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.   <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.   <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition,** each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.   Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

United States District Court
For the Northern District of California

1
2  IN THE UNITED STATES DISTRICT COURT
3  FOR THE NORTHERN DISTRICT OF CALIFORNIA
4  SAN JOSE DIVISION
5
6  Case No. _____
7
8  **STANDING ORDER REGARDING**
9  **CASE MANAGEMENT IN CIVIL CASES**
10      This order sets forth requirements for initial case management in all civil matters assigned to
11  District Judges Ronald M. Whyte, Jeremy Fogel, Lucy H. Koh, and Edward J. Davila, and
12  Magistrate Judges Howard R. Lloyd and Paul S. Grewal.  All papers filed must include the case
13  number of the action followed by the initials of the assigned district judge or magistrate judge and, if
14  applicable, the initials of the magistrate judge to whom the action is referred for discovery or other
15  pretrial activity.
16      Plaintiff shall serve a copy of this Standing Order on all parties to this action and on all
17  parties subsequently joined, in accordance with Fed.R.Civ.P. 4 and 5.  Following service, plaintiff
18  shall file a certificate of service in accordance with Civil L.R. 5-6(a).
19      All disclosure or discovery disputes in cases assigned to district judges are referred to the
20  assigned magistrate judge for determination pursuant to Fed.R.Civ.P. 72(a).  Magistrate judges
21  themselves handle disclosure and discovery disputes in the cases assigned to them.
22      Before selecting a hearing date for a motion before any of the judges of the San Jose
23  Division, counsel must confer with opposing counsel to determine that the proposed hearing date
24  will not cause undue prejudice.
25      Civil motions under Civil L.R. 7-2 in cases assigned to Judge Whyte may be noticed for
26  hearing on any Friday at 9:00 a.m.
27      Civil motions under Civil L.R. 7-2 in cases assigned to Judge Fogel may be noticed for
28  hearing only after contacting Judge Fogel's administrative law clerk, Christian Delaney, at
    408-535-5426 and obtaining an available date.

United States District Court

For the Northern District of California

1    Civil motions under Civil L.R. 7-2 in cases assigned to Judge Koh may be noticed for

2  hearing only after contacting Judge Koh's Courtroom Deputy, Martha Parker Brown, at 408-535-

3  5346 and obtaining an available date.

4    Civil motions under Civil L.R. 7-2 in cases assigned to Judge Davila may be noticed for

5  hearing only after contacting Judge Davila's Courtroom Deputy, Elizabeth Garcia, at 408-535-5356.

6    Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Lloyd may be

7  noticed for hearing on any Tuesday at 10:00 a.m.

8    Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Grewal may be

9  noticed for hearing on any Tuesday at 10:00 a.m.

10    Pursuant to Fed.R.Civ.P. 16 and 26 and Civil L.R. 16-10(a), a Case Management Conference

11  will be held on _____ at _____, at the United States

12  Courthouse, 280 South First Street, San Jose, California.  This conference may be continued only by

13  court order pursuant to Civil L.R. 16-2(e).   Parties may not stipulate to continue a Case Management

14  Conference without court approval.

15    Pursuant to Civil L.R. 16-3, in advance of the Case Management Conference, counsel shall

16  confer with their respective clients and opposing counsel for the purposes specified in Fed.R.Civ.P.

17  26(f), Civil L.R. 16-8 and 16-9, and in patent cases, Patent L.R. 3-1 through 3-6.  A meaningful meet

18  and confer process prior to the Case Management Conference and good faith compliance with the

19  requirements of this Order are essential elements of effective case management.  Failure to meet and

20  confer, to be prepared for the Case Management Conference or to file a Joint Case Management

21  Conference Statement may result in sanctions. Parties may, but are not required, to attend the Case

22  Management Conference.

23    In all "E-filing" cases when filing papers in connection with any motion for determination by

24  a judge, the parties shall, in addition to filing papers electronically, lodge with chambers a printed

25  copy of the papers by the close of the next court day following the day the papers are filed

26  electronically.  These printed copies shall be marked "Chambers Copy" and shall be submitted to the

27  Clerk's Office, in an envelope clearly marked with the Judge's name, case number and "E-filing

28                                                                    2

1  Chambers Copy." Parties shall not file a paper copy of any document with the Clerk's Office that

2  has already been filed electronically.

3        IT IS SO ORDERED.

4  Dated: April 25, 2011

5

6  _____
   Ronald M. Whyte
   United States District Judge

7

8  _____

9  Jeremy Fogel
   United States District Judge

10

11  _____

12  Lucy H. Koh
    United States District Judge

13

14  _____

15  Edward J. Davila
    United States District Judge

16

17  _____

18  Howard R. Lloyd
    United States Magistrate Judge

19

20  _____

21  Paul S. Grewal
    United States Magistrate Judge

22

23

24

25

26

27

28  SAN JOSE DIVISION
    STANDING ORDER REGARDING CASE MANAGEMENT IN CIVIL CASES

United States District Court
For the Northern District of California